UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Courtney Rodgers, <br><br> Plaintiff, <br><br> v. <br><br> First Federal Credit Control, Inc., <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Courtney Rodgers ("Courtney"), is a natural person who resided in Cleveland Heights, Ohio, at all times relevant to this action.

2. Defendant, First Federal Credit Control, Inc. ("FFCC"), is an Ohio corporation that maintained its principal place of business in Cleveland, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Courtney's claims under the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA") because they share a common nucleus of operative fact with Courtney's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, FFCC collected consumer debts.

7. FFCC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of FFCC's revenue is debt collection.

9. FFCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. FFCC meets the definition of a "supplier" as defined by Ohio Rev. Code § 1345.01(C). *See Midland Funding L.L.C.. V. Brent, 644 F.Supp2d 961, 976 (N.D. Ohio 2009)(citing cases).*

11. As described, *infra*, FFCC contacted Courtney to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Courtney is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Courtney is a regionally recognized IT/Security professional who identifies and mitigates financial data risk.

15. FFCC began reporting a debt on Courtney's credit report.

16. Desirous of paying the debt(s) in full, Courtney placed a telephone call to FFCC to authorize immediate and full payment.

17. Upon answering the phone, an employee of FFCC ("Collection Agent") demanded Courtney to provide sensitive personal information to verify her identity.

18. For example, Collection Agent demanded Courtney provide her full social security number.

19. Courtney, a Senior IT Methods and Procedures Specialist, explained she was not comfortable with providing her social security number over a recorded phone line.

20. In her professional role, Courtney identifies and mitigates systematic data risk, and a significant portion involves leading people, processes, and technology systems to decrease the risk of vulnerability and improve performance of enterprise data management.

21. Moreover, one of Courtney's most firmly held personal and professional ideals is that full social security numbers should never, without exception, be provided over a recorded telephone line.

22. In her professional capacity, Courtney has witnessed recorded phone calls systematically become compromised leading to identity theft and harm.

23. Furthermore, Courtney is the recent victim of identity theft which has compounded her proclivity for personal privacy and identity security.

24. Courtney explained her concerns to Collection Agent and asked instead to verify her identity using only the last four numbers of her social security number.

25. Rather than reply to Courtney's inquiry, in a terroristic fashion seemingly to mock Courtney for her identity theft concerns, Collection Agent loudly and deliberately stated Courtney's full nine-digit social security number on the recorded, unsecure telephone line.

26. On information and belief, it is the policy and procedure of FFCC for its collection agents not to disclose consumer's full social security numbers to unverified inbound callers.

27. On information and belief, Collection Agent violated FFCC's policy and procedures.

28. On information and belief, it is the policy and procedure of FFCC for collection agents to protect consumers social security numbers.

29. On information and belief, Collection Agent violated FFCC's policy and procedures.

30. Collection Agent's possible public disclosure of Courtney's full social security number made Courtney feel demoralized.

31. As such, Courtney begged Collection Agent for an explanation as to why the collector had just read her full social security number over a recorded line.

32. From there, the call between Courtney and Collection Agent took a turn for the worse.

33. For example, during the remaining conversation, Collection Agent began asking odd questions about what types of bank accounts, credit cards, and tax savings accounts Courtney owned.

34. For example, during the remaining conversation, Collection Agent demanded Courtney's updated mailing address.

35. Courtney explained that she was going to pay the debt in full on the phone and, as such, Collection Agent didn't need Courtney's updated mailing address as it and Courtney would have no future interactions.

36. In a seeming ploy to obtain Courtney's current mailing address, Collection Agent warned Courtney that if she didn't provide it, Courtney's credit report might not reflect Courtney's payment.

37. The call concluded not before Collection Agent mockingly and purposefully read Courtney's full social security number over a recorded line at least two more times.

38. The call concluded with Collection Agent mockingly referring to Courtney as a man, when, in fact, Courtney is a biological woman.

39. When Courtney informed Collection Agent that she was a "Ma'am" and not a "Sir", Collection Agent had no response.

40. At various points in the call, Courtney expressed grave concern with the comments, questions, and remarks made by Collection Agent.

41. As a result of Courtney's interaction with FFCC and because of the conduct of Collection Agent, Courtney has begun individual therapy solely related to the events discussed on the telephone call between FFCC and Courtney.

42. As a result of this therapy, Courtney has incurred medical bills directly as a result of FFCC's violation of the FDCPA and OCSPA.

43. All of Courtney's harm is redressable by FFCC.

44. FFCC's collection efforts, including, but not limited to its conduct, caused Courtney emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

45. FFCC intruded upon Courtney's privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

46. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 45 above as if fully set forth herein.

47. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

48. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 45 above as if fully set forth herein.

49. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Ohio Consumer Sales Practices Act

50. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 45 above as if fully set forth herein.

51. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

52. Defendant's actions and omissions described above constitute unfair, deceptive, and unconscionable acts and practices, in violation of Ohio Rev. Code § 1345.02 and the substantive rules promulgated under the OCSPA.

53. Defendant knowingly committed the unfair and unconscionable acts and practices described above.

## JURY DEMAND

54. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

55. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant under the OCSPA for treble damages, actual damages, non-economic damages, and reasonable attorney's fees, witness fees, court costs, and other costs incurred by Plaintiff.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

Date: July 15, 2022                     By: /s/ Jeffrey S. Hyslip
                                                 Jeffrey S. Hyslip, Esq.
                                                 Hyslip Legal, LLC
                                                 207 S. Harrison St., Suite A
                                                 Algonquin, IL 60102
                                                 Phone: 614-490-4224
                                                 jeffrey@hysliplegal.com
                                                 Ohio Bar No. 0079315

                                                 *Attorney for Plaintiff*